**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEN RIDDLE, | No. 10-16184 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01127-ECR-LRL |
| v. | MEMORANDUM[*] |
| DAVID WASHINGTON; CITY OF LAS VEGAS, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for Nevada, Las Vegas
Edward C. Reed, Junior, Senior District Judge, Presiding

Argued and Submitted September 1, 2011
San Francisco, California

Before: WALLACE and FISHER, Circuit Judges, and MILLS, Senior District
Judge.[**]

Riddle appeals from the district court's summary judgment in favor of

Appellees Washington and the City of Las Vegas. We have jurisdiction under 28

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Richard Mills, Senior District Judge for the Central
District of Illinois, sitting by designation.

U.S.C. § 1291. Applying de novo review, *Metoyer v. Chassman*, 504 F.3d 919, 930 (9th Cir. 2007), and construing the evidence in favor of Riddle as the nonmoving party, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), we reverse and remand.

Riddle, a Caucasian, alleges that he was terminated because of his race in violation of 42 U.S.C. § 1981, 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17. The analytic framework used in Title VII cases also applies to Riddle's purposeful discrimination claims under sections 1981 and 1983. *Metoyer*, 504 F.3d at 930. Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or] color . . . ." 42 U.S.C. § 2000e-2(a)(1). This section prohibits discrimination against Caucasians as well as minorities. *Ricci v. DeStefano*, 129 S. Ct. 2658, 2673 (2009).

We apply the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The parties do not contest the district court's conclusion that Riddle established a prima facie case for employment discrimination or the district court's conclusion that Appellees articulated a legitimate, nondiscriminatory reason for Riddle's termination. But, "a plaintiff may defeat a defendant's motion

for summary judgment by offering proof that the employer's legitimate, nondiscriminatory reason is actually a pretext for racial discrimination." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). Much of Riddle's evidence of pretext is speculative, hearsay or self-serving, but there is enough admissible evidence that, construed most favorably to Riddle, is sufficient to defeat Appellees' motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(4).

A reasonable juror could view the written documentation of Riddle's job performance as inconsistent with Appellees' proffered reason for Riddle's termination. Riddle's employment file does not contain references to the violations that purportedly caused Washington to lose all faith in Riddle. Moreover, Washington wrote a favorable recommendation letter for Riddle in February 2006 only months before Riddle's July termination. Washington wrote, among other things, that Riddle "was once my immediate supervisor and we enjoyed an excellent working relationship," that Riddle "is a visionary in this service," that Riddle "has an excellent work record with our department" and that he is "extremely professional." Riddle received numerous merit increases in pay between 2001 and June 2006. Riddle also received good performance reviews from Washington in 2005 and 2006, which Riddle claims were not included in the employment file produced by Appellees. *See Akiona v. United States*, 938 F.2d

3

158, 161 (9th Cir. 1991) ("Generally, a trier of fact may draw an adverse inference from the destruction of evidence relevant to a case").

In addition, based on Riddle's assertions in his declaration, Appellees' reasons for Riddle's termination rest on disputed issues of material fact. Riddle denies Washington's assertion that Riddle missed a meeting called by Washington in August 2001 because it slipped Riddle's mind; instead, Riddle alleges that he was out of town. Riddle denies that he ever disappeared from his job for long periods or that Washington talked with him about it. Riddle admits that Washington advised him to stop smoking in his office in 2004, but denies that Washington had three discussions with him regarding smoking in his office between 2002 and 2004.

Other aspects of Riddle's termination and replacement could buttress a reasonable finding of pretext. According to Riddle and another fire department employee, Washington repeatedly commented that "It's not that I'm anti white, I'm pro black." *See Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) (comments favoring one group may support inference of discrimination against another group). Riddle has presented some evidence that Washington stated a preference for Gene Campbell, an African American, to replace Washington as Fire Chief upon his retirement. Riddle was one of four Deputy Fire

4

Chiefs, the position directly below Fire Chief. After working for the fire department for 28 years and serving as Deputy Chief for 11 years, Riddle was terminated without having an opportunity to refute the emailed complaint of his smoking that led to his termination. *See Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 850 (9th Cir. 2004) (failure to conduct investigation may support finding of pretext). Washington promoted Campbell to replace Riddle although another employee viewed Campbell as knowing nothing about areas in which he had previously been promoted. This evidence, combined with the written documentation of Riddle's job performance and the materially disputed aspects of his performance, viewed in the light most favorable to Riddle, could provide a sufficient basis for a reasonable juror to find that Appellees' reasons for Riddle's termination are pretext.

Because we reverse the summary judgment on Riddle's federal claims, we also remand for the district court to reconsider whether it should exercise supplemental jurisdiction over Riddle's state law claims for wrongful termination and defamation. *See Fang v. U.S.*, 140 F.3d 1238, 1244 (9th Cir. 1998).

**REVERSED** and **REMANDED.**